```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          WESTERN DIVISION


DAVID O. CARNEY                                         PLAINTIFF


VS.                         CIVIL ACTION NO. 3:14CV286TSL-JCG


DERRICK LEWIS                                           DEFENDANT
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Derrick Lewis to dismiss or, in the alternative, for summary judgment. Plaintiff David O. Carney has responded in opposition to the motion, but also, "in light of the issues raised in the Defendant's Motion to Dismiss," he has moved to amend his complaint to provide "a more detailed statement of the consequences of the Plaintiff's arrest and charges [that] will aid the Court in determining what constitutional injuries resulted from actionable conduct." The motion to dismiss and/or for summary judgment has been fully briefed by the parties, and while defendant has yet to respond in full to the motion to amend, he has expressed his opposition to the motion. The court, having considered the parties' submissions, concludes that defendant's motion to dismiss and/or for summary judgment is well taken and should be granted. The court further concludes that the motion to amend should be denied on the basis that the proposed amendment would be futile.

Plaintiff's Complaint

According to the allegations of the complaint (and the proposed amended complaint), on May 28, 2011, as plaintiff was driving home from work on Highway 16 in Leake County, Mississippi, defendant Derrick Lewis, a Mississippi State Highway Patrol trooper, stopped him using blue lights and sirens. Carney alleges that Lewis, rather than pull in behind Carney's vehicle on the side of the road, pulled alongside Carney's vehicle, rolled down his window and shouted at Carney, asking if he was "an idiot" and demanding that he move his vehicle further down the highway. Carney did so, and when he pulled off the road as directed by Lewis, Lewis pulled in behind him, exited the patrol vehicle and approached Carney's vehicle. At Lewis's request, Carney provided his driver's license and proof of insurance. Lewis went to his patrol car and returned with a traffic ticket for speeding. Carney asked Lewis why he had called him an idiot; and in response, Lewis ordered Carney out of the vehicle. Carney complied. Lewis then proceeded to arrest Carney for disorderly conduct and failure to obey, stating that Carney had "pointed his finger at Lewis in a threatening manner" and "refused to remain outside the vehicle after being told."[1] Carney alleges that "the

---

[1] Although both charges were for "disorderly conduct," in order to more readily distinguish the two, the court will refer to the charge based on plaintiff's alleged failure to obey Lewis's directive that he remain outside of his vehicle as a charge of

2

only plausible provocation for the arrest was [his] use of words and gestures protected by the First Amendment."

Carney was transported to the Leake County jail where he was formally charged with disorderly conduct and failure to obey, and with speeding (71 m.p.h. in a 55 m/p.h. zone). Following booking, he posted a cash bond of $1,500 and was released. After a not guilty plea to all the charges, Carney was tried in justice court, where he was found guilty of speeding and failure to obey. Carney appealed his conviction on the failure to obey charge but not the speeding conviction. After a number of continuances, the prosecution moved for dismissal of the failure to obey charge.

Based on these allegations, Carney filed the present lawsuit pursuant to 42 U.S.C. § 1983, asserting the following claims:

> Trooper Lewis's actions under color of state law deprived Dr. Carney of several Constitutionally protected liberties without due process of law by:
>
> a.  Retaliating against Dr. Carney for exercising his freedom of speech under the First Amendment;
>
> b.  Violating his right to be free from unreasonable seizures under the Fourth Amendment; and
>
> c.  Subjecting him to prosecution without probable cause in violation of his Fifth and Fourteenth Amendment rights.

<u>Motion to Dismiss</u>

---

"failure to obey" and to the charge relating to plaintiff's alleged threatening finger pointing as "disorderly conduct."

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." Reichle v. Howards, – U.S. –, 132 S. Ct. 2088, 2093, 182 L. Ed. 2d 985 (2012) (citation omitted). "The basic steps of the qualified-immunity inquiry are well-known: a plaintiff seeking to defeat qualified immunity must show that (1) the official violated a statutory or constitutional right and (2) the right was clearly established at the time of the challenged conduct." Burnside v. Kaelin, –F.3d –, 2014 WL 6913938, at *2 (5th Cir. 2014) (quoting Morgan v. Swanson, 659 F.3d 359, 370 (5th Cir. 2011) (*en banc*)). The court may grant qualified immunity "on the ground that a purported right was not 'clearly established' by prior case law, without resolving the often more difficult question whether the purported right exists at all." Reichle, 132 S. Ct. at 2093 (citation omitted).

In his motion to dismiss or for summary judgment, Officer Lewis contends he is entitled to dismissal of Carney's claims on the basis of qualified immunity as Carney cannot show that Lewis violated a clearly established constitutional right or that Lewis's actions were objectively unreasonable. The burden is thus on plaintiff to demonstrate inapplicability of qualified immunity. See Kovacic v. Villarreal, 628 F.3d 209, 211 (5th Cir. 2010) ("Once a defendant invokes qualified immunity, the burden shifts

4

to the plaintiff to show that the defense is not available."). For the reasons that follow, the court concludes he has not done so.

Arrest: Fourth Amendment

Lewis argued in his motion that Carney cannot possibly establish a Fourth Amendment violation for unreasonable seizure since, as a matter of law, Carney's unappealed conviction for speeding is conclusive proof as to the existence of probable cause for Carney's arrest.  Indeed, the law is clear that Carney's conviction on the speeding charge not only bars any claim relating to his arrest and prosecution for that offense, but also precludes a Fourth Amendment claim for false arrest on the other charges, as well.  This is because "[c]laims for false arrest focus on the validity of the arrest, not on the validity of each individual charge made during the course of the arrest[,]" Price v. Roark, 256 F.3d 364, 369 (5th Cir. 2001) (citing Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995)), so that "[i]f there was probable cause for any of the charges made ... then the arrest was supported by probable cause, and the claim for false arrest fails," id. (quoting Wells, 45 F.3d at 95); see also Pfannstiel v. City of Marion, 918 F.2d 1178, 1183 (5th Cir. 1990) (stating that "[e]ven if there was not probable cause to arrest the plaintiff for the crime charged, proof of probable cause to arrest the plaintiff for a related offense is also a defense."); Whitfield v. City of

5

Ridgeland, Civil Action No. 3:11CV744TSL-JMR, 2013 WL 6632092, at *4-5 (S.D. Miss. Dec. 17, 2013) (finding that where there was probable cause to arrest the plaintiff for speeding, the plaintiff's Fourth Amendment claim for false arrest on a separate charge of driving under the influence failed as a matter of law). In his response to the motion, plaintiff effectively concedes that the speeding conviction supports his *arrest*.[2]  Accordingly, his claim that his arrest violated the Fourth Amendment will be dismissed.

Arrest: First Amendment

It follows from the fact that there was probable cause for the arrest that Lewis has qualified immunity as to any claim plaintiff may be making for retaliatory arrest in violation of the First Amendment.  See Reichle, 132 S. Ct. at 2093 (holding that a "First Amendment right to be free from a retaliatory arrest that is supported by probable cause" has never been a clearly established right); Ashcraft v. City of Vicksburg, 561 Fed. App'x 399, 401 (5th Cir. 2014) (holding that the defendant was entitled to qualified immunity on First Amendment retaliatory arrest claim because the plaintiff "has not demonstrated that she had a clearly established 'right' to be free from a retaliatory arrest that was

---

[2] Plaintiff states: "... Plaintiff Carney's uncontested speeding conviction supports the bare fact of his arrest. ... [C]ourts will not disturb an arrest if there was probable cause to believe that the arrestee had committed any arrestable offense."

6

otherwise supported by probable cause"); Keenan v. Tejeda, 290 F.3d 252, 262 (5th Cir. 2002) (explaining that "[i]f probable cause existed, ... or if reasonable police officers could believe probable cause existed," then officers are entitled to qualified immunity on claim for retaliatory seizure); Brooks v. City of West Point, 18 F. Supp. 3d 790, 797 (N.D. Miss. 2014) (dismissing individual capacity claim against officers for retaliatory arrest where there was probable cause for the arrest).

    Prosecution - Fourth Amendment

Although he concedes that the fact of probable cause for his arrest on the speeding charge forecloses any claim for false arrest, plaintiff asserts that the fact of probable cause for his *arrest* does not bar him from pursuing a claim for violation of his Fourth Amendment rights based on what was in effect a post-arrest seizure stemming from the disorderly conduct and failure to obey charges.  In this regard, plaintiff argues had he been arrested and booked solely on the speeding charge, he could have entered a guilty plea, paid the fine and exited the court system.  He claims, however, that because of the disorderly conduct and failure to obey charges, he was subjected to a form of seizure in that he was required to attend more court proceedings and subjected to more serious bond conditions.  In support of this position, plaintiff points to Justice Ginsberg's concurring opinion in Albright v. Oliver, where she wrote that a defendant

7

released prior to trial "remains apprehended, arrested in his movements, indeed 'seized' for trial, so long as he is bound to appear in court and answer the state's charges." Albright, 510 U.S. 266, 279, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) (Ginsburg, J., concurring).  However, it is not, and was not at the time of the challenged events, clearly established that an individual may be considered "seized" based on bond conditions or on his having to appear for hearings and/or trial.

>   To be clearly established for purposes of qualified immunity,
>
> > a right must be sufficiently clear "that every 'reasonable official would [have understood] that what he is doing violates that right.'" [Ashcroft v. al-Kidd, 563 U.S. ----, ----, 131 S. Ct. 2074, 2078, 179 L. Ed. 2d 1149 (2011)] (quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)).  In other words, "existing precedent must have placed the statutory or constitutional question beyond debate." 563 U.S., at ----, 131 S. Ct., at 2083.  This "clearly established" standard protects the balance between vindication of constitutional rights and government officials' effective performance of their duties by ensuring that officials can "'reasonably ... anticipate when their conduct may give rise to liability for damages.'"  Anderson, supra, at 639, 107 S. Ct. 3034 (quoting Davis v. Scherer, 468 U.S. 183, 195, 104 S. Ct. 3012, 82 L. Ed. 2d 139 (1984)).

Reichle, 132 S. Ct. at 2093.  See also Sorenson v. Ferrie, 134 F.3d 325, 330 (5th Cir. 1998) (explaining that for "qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question

about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law *in the circumstances*.") (emphasis in original and internal quotation marks omitted).

In Evans v. Ball, the Fifth Circuit concluded that a summons to a criminal defendant, "coupled with the requirements that he obtain permission before leaving the state, report regularly to pretrial services, sign a personal recognizance bond, and provide federal officers with financial and identifying information, diminished his liberty enough to render him seized under the Fourth Amendment." 168 F.3d 856, 861 (5th Cir. 1999), abrogated on other grounds, Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003). However, the Fifth Circuit has never held that a bond that merely requires the defendant to appear, without the additional restrictions imposed on the defendant in Evans, could constitue a seizure under the Fourth Amendment. See Kerr v. Lyford, 171 F.3d 330, 343 (5th Cir. 1999) (Jones, J., concurring) (opining that claim against defendant failed "because it is not and has never been clearly established that an individual may be considered 'seized' based on bond conditions or on his having to appear for hearings and/or trial"); see also Banton v. Dowds, No. 06-CV-2211, 2007 WL 2772515, at *10 (C.D. Ill. Sept. 19, 2007) (observing that "[t]he concept of a 'continuing seizure' is a hotly contested issue that has yet to have a consensus resolution.").

Accordingly, plaintiff's Fourth Amendment claim for retaliatory prosecution will be dismissed.

Retaliatory Prosecution: First Amendment[3]

It is "settled that as a general matter, the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out." Hartman v. Moore, 547 U.S. 250, 256, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006). However, a plaintiff cannot state a claim of retaliatory prosecution in violation of the First Amendment if the charges were supported by probable cause. Reichle, 132 S. Ct. at 2094 (citing Hartman, 547 U.S. at 261. As observed in Reichle, the Court's decision in Hartman was influenced by the fat that a cause of action for retaliatory prosecution involves "particularly attenuated causation between the defendant's alleged retaliatory

---

[3] It is questionable whether plaintiff's complaint sets forth a claim for retaliatory prosecution, whether under the First or Fourteenth Amendment.  In reaction to the motion to dismiss, he has moved to amend for the apparent purpose of setting forth – or more clearly setting forth – such a claim.  Defendant opposes his motion on the basis of futility.  While Federal Rule of Civil Procedure 15 provides that "court[s] should freely give leave [to amend] when justice so requires," the court may deny leave to amend where the amendment would be futile.  See Hopson v. Chase Home Finance LLC, Civil Action No. 3:12CV505TSL-JMR, 2014 WL 1411811, at *16 (S.D. Miss. Apr. 11, 2014) (plaintiffs "failed to articulate any factual basis to support any other claims that would be more plausible than the ones they have already attempted to assert.  Therefore, the court concludes that any amendment would be futile and for this reason, the request to amend is denied").  For the reasons set forth in the text, defendant would have qualified immunity as to any claim for retaliatory prosecution and therefore, the motion to amend will be denied on the basis of futility.

10

animus and the plaintiff's injury." 132 S. Ct. at 2095 (citing Hartman, 547 U.S. at 259-61).

> In a retaliatory prosecution case, the key defendant is typically not the prosecutor who made the charging decision that injured the plaintiff, because prosecutors enjoy absolute immunity for their decisions to prosecute. Rather, the key defendant is the person who allegedly prompted the prosecutor's decision. Thus, the intervening decision of the third-party prosecutor widens the causal gap between the defendant's animus and the plaintiff's injury. Id., at 261-263, 126 S. Ct. 1695.

Reichle, 132 S. Ct. at 2095 (citing Hartman). Thus, the Court considered that "the presence of probable cause, while not a 'guarantee' that retaliatory motive did not cause the prosecution, still precluded any *prima facie* inference that retaliatory motive was the but-for cause of the plaintiff's injury." Id. (citing Hartman, 547 U.S. at 265). Accordingly, plaintiffs bringing retaliatory prosecution claims must plead and prove the absence of probable cause for pressing the underlying criminal charges. Id. (citing Hartman); see also Hartman, 547 U.S. at 265-66 ("Because showing an absence of probable cause will have high probative force, and can be made mandatory with little or no added cost, it makes sense to require such a showing as an element of a plaintiff's case, and we hold that it must be pleaded and proven.").

In the case at bar, the fact of plaintiff's conviction in justice court for failure to obey constitutes *prima facie* evidence of probable cause for the prosecution for that offense. See Royal Oil Co. v. Wells, 500 So. 2d 439, 443 (Miss. 1986) (stating that

11

"[w]hen a conviction is obtained in a lower court prosecution, whether reversed or not, a *prima facie* case is made that probable cause is present, in the absence of fraud, perjury or other corrupt practices.") (citations omitted).  Plaintiff, who has the burden to plead and prove the absence of probable cause and also to establish the unavailability of qualified immunity, has offered no valid basis to refute the existence of probable cause for the offense of failure to obey.  He offers only that the disorderly conduct and failure to obey charges were "an overreach".  He plainly has not demonstrated that a reasonable officer in Lewis's position could not have concluded that probable cause existed for a charge of failure to obey.  Moreover, while the justice court dismissed the charge of disorderly conduct based on plaintiff's allegedly "continuously pointing his finger in a threatening manner", it is not and was not clearly established at the time of the prosecution that a retaliatory prosecution claim will lie where probable cause is lacking as to one charge that is a subject of the prosecution yet there is probable cause for the prosecution

on a related, equally serious charge.[4] Under these circumstances, plaintiff cannot overcome defendant's qualified immunity.

Conclusion

Based on all of the foregoing, it is ordered that defendant's motion to dismiss on the basis of qualified immunity is granted.

A separate judgment will be entered in accordance with Rule 58 of Civil Procedure.

SO ORDERED this 18th day of December, 2014.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[4] Defendant has argued that plaintiff's retaliatory prosecution claim based on the disorderly conduct charges is foreclosed by the undisputed existence of probable cause for plaintiff's arrest and prosecution for speeding (as conclusively established by his unappealed conviction on the speeding charge). However, citing Hartman, plaintiff has argued that it does not follow from the fact of probable cause for his arrest for speeding, i.e., a minor violation, that there was probable cause for his prosecution on the more serious charges of disorderly conduct and failure to obey. Based on the court's conclusion as set forth in the text, the court finds it unnecessary to address their positions on this issue.